UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-80760-XXXX

David Phillips, Joseph J. Azzata,
Joseph T. Azzata, and
other similarly situated individuals,
Plaintiff(s),

   Plaintiffs,

vs.

PRIME MEDICAL SUPPLIES, INC.,
a Florida Corporation, and
LOUIS SITARAS, individually,
JLMS HOLDINGS, LLC, a Florida
Corporation, and SALVATORA LANTIERI

   Defendants.
_____/

## **PLAINTIFF'S, DAVID PHILLIPS PRELIMINARY STATEMENT OF CLAIM**

Plaintiff, David Phillips, (referred to as "Plaintiff") by and through undersigned counsel, and in compliance with the Court's Order of Court-Mandated Requirements in FLSA-Based Cases [DE 7], hereby submits his preliminary statement of claim, as follows:

1. Plaintiff, David Phillips was paid $56.00 an hour starting on or about **September 8, 2020,** through **and continuing through January 19, 2024,** but was not paid for straight time for eight hundred twenty-one (821) hours. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from the date of the filing of this complaint.

CASE NO.: 9:24-cv-80760-XXXX

2. Prior to the completion of discovery and to the best of Plaintiff, David Phillips, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid and late paid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a bi-weekly basis as follows:

a) $4,800.00 for unpaid wages for 80 hours work performed by Plaintiff for the two-week payroll period to be paid August 11, 2023.

b) $4,800.00 for unpaid wages for 80 hours work performed by Plaintiff for the two-week payroll period to be paid August 25, 2023.

c) $4,800.00 for unpaid wages for 80 hours work performed by Plaintiff for the two-week payroll period to be paid September 8, 2023.

d) $2,800.00 of $4,800 are unpaid wages for 80 hours of work performed by Plaintiff for the two-week payroll period to be paid September 22, 2023.

e) $4,800.00 late pay for 80 hours work performed by Plaintiff for the two-week payroll period to be paid November 3, 2023, Payment made November 10, 2023.

f) 4,800.00 late pay for 80 hours work performed by Plaintiff for the two-week payroll period to be paid December 1, 2023, Payment made December 5, 2023.

g) $4,800.00 late pay for 80 hours work performed by Plaintiff for the two-week payroll period to be paid December 15, 2023, Payment made December 20, 2023.

h) $4,800.00 for unpaid wages for 80 hours work performed by Plaintiff for the two-week payroll period to be paid December 29, 2023.

i) $4,800.00 for unpaid wages for 80 hours work performed by Plaintiff for the two-week payroll period to be paid January 12, 2024.

j) $4,800.00 for unpaid wages for 80 hours work performed by Plaintiff for the two-week payroll period to be paid January 26, 2024.

THEREFORE, the Plaintiff is owed a total of $46,000.00 in unpaid wages.

**Liquidated Damages** The nature of wages and statutory damages owed are unpaid, and untimely paid statutory minimum wages, and corresponding liquidated damages representing an equal amount in double damages/liquidated damages of $48,800.00.

**<u>TOTAL DAMAGES</u>: $94,800.00 in estimated damages plus reasonable attorney's fees and costs of suit**.

3. These calculations are based upon good faith calculations relying upon the memory of the Plaintiff and the limited pay records.

4. The allegations of the Complaint detail a circumstance which resulted in the deprivation of minimum wage requirements established under the FLSA.

5. Under the FLSA and applicable regulations, it is the Employer who has the sole obligation to "make, keep, and preserve such records …as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders hereunder." 29 U.S.C. §211(c); this includes the obligation to maintain such records as detail the number of hours worked as well as the "total wages paid each pay period…". 29 C.F.R. §516.2(a)(11).

6. In order to provide a more accurate final calculation of the amounts owed, the named Plaintiff, and any other Opt-in Plaintiffs who have or may hereafter join this lawsuit, require Defendant plead defenses, and produce complete payroll records, time keeping records, and other data which it is their sole obligation to keep and maintain. The law does not require that Plaintiff's damages be mathematically set forth in *prima facie* fashion. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

7.     Among the documents necessary for a proper determination of the amounts owing to the Plaintiff are cancelled payroll checks, time records, schedules and other data used to determine payments due and paid in accordance with the pay plans and applicable law.

8.     In accordance with the Court's "Order of Court-Mandated Requirements in FLSA-Based Cases" [DE 7], Plaintiff provides the following information with respect to his claims, subject to the *provisos* set forth in paragraphs 4-7, above.

    a.  **Initial Estimate of the Total Amount of Alleged Unpaid Wages.**

At this early stage in the proceedings, and without the benefit of documents and records in the possession of the Defendants, Plaintiff estimates he is owed approximately $46,000.00 in unpaid minimum wages, and $48,800.00 in liquidated damages, for a total of **$94,800.00**.

    b.  **A Preliminary Calculation of Such Wages and Period of Time.**

A preliminary calculation of minimum wages owing to the Plaintiff is as follows: 9 Pay periods (pay period August 11, 2023, through January 26, 2024): Plaintiff worked 821.00 hours ($56.00 per hour) of unpaid wages for a total amount due of $46,000.00

    c.  **The Nature of the Wages and Liquidated Damages Due**.

The nature of wages and statutory damages owed are unpaid, and untimely paid statutory wages, and corresponding liquidated damages. The failure to make timely wage payments immediately gives rise to liquidated damage liability. *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944).

    d.  **Attorney's Fees and Costs Incurred to Date.**

The Plaintiff is entitled to an hourly rate of $450.00 per hour. A preliminary calculation of the number of hours expended to date is as follows:

Partner Steven L. Ehrlich: 18 hours

Partner Franklin A. Jara: 20.5 hours

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Plaintiffs *David Phillips, Joseph J. Azzata, and Joseph T. Azzata*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, FL 33256
> Telephone (954) 343-3931
> Facsimile (561) 683-8977
> Primary e-mail: franklin.jara@csklegal.com
> Alternate e-mail: paola.valdes@csklegal.com   .dat

By:  *s/ Franklin Antonio Jara*
     FRANKLIN ANTONIO JARA
     Florida Bar No.:  636681

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Franklin Antonio Jara*
FRANKLIN ANTONIO JARA