UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-80760-RLR

David Phillips, Joseph J. Azzata,
Joseph T. Azzata, and
other similarly situated individuals,

Plaintiffs,

v.

Prime Medical Supplies, Inc.,
a Florida Corporation, and
Louis Sitaras, individually.
JLMS Holdings, LLC,
a Florida Corporation, and Salvatore Lantieri.

Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Louis Sitaras ("Mr. Sitaras"), moves to dismiss the Amended Complaint [D.E. 24] filed by Plaintiffs, David Phillips, Joseph J. Azzata, Joseph T. Azzata, and other similarly situated individuals, (collectively, "Plaintiffs") under Fed. R. Civ. P. 12(b)(6). In support thereof, Mr. Sitaras states as follows:

I. **Background of Case and Basis for Motion to Dismiss Complaint with Prejudice**

Plaintiffs, a "Head Pharmacist in charge of dispensing prescriptions" and two "Licensed Pharmacy technician[s] and manager[s]," bring claims for unpaid wages

against four defendants, including Mr. Sitaras and Prime Medical Supplies, Inc. ("Prime") under the Fair Labor Standards Act of 1938 ("FLSA"). Am. Compl., ¶¶ 17-19. The Amended Complaint alleges that Mr. Sitaras is the owner of Prime, a business located in Palm Beach County where Plaintiffs worked with him "hand-in-hand." *Id.*, ¶¶ 5-6, 11. Plaintiffs then recite some of the Eleventh Circuit's holding in *Patel v. Wargo* and apply it to Mr. Sitaras to allege that, "[u]pon [their] information and belief," he is "involved in the day-to-day operation of the business [and] manage[s] and supervise[s] the Plaintiffs" and is thus their "employer" under the FLSA. 803 F.2d 632, 637 (11th Cir. 1986); Am. Compl. ¶¶ 10-11.

Like their original complaint, the bare allegations in the Amended Complaint are not enough to state a claim against Mr. Sitaras because they do not show he is Plaintiffs' "employer" under the FLSA. Instead, Plaintiffs provide only a "mere recitation of the statutory language" by parroting some excerpts from *Patel* and applying them to Mr. Sitaras, a practice which this Court has found to be insufficient to withstand a motion to dismiss. *See Chavez v. Am. Coach Lines of Miami, Inc., 10-21687-CIV, 2010 WL 11596739 (S.D. Fla. Aug. 19, 2010)* (dismissing FLSA complaint against business owner because "Plaintiffs fail to allege any supporting facts describing the nature of Maney's position or the manner in which he exerted control over the day-to-day operations of American Coach Lines."); *Davison v. Dos Amigos Taqueria LLC*, 12-62514-CIV, 2013 WL 12131317, at *2 (S.D. Fla. June

2

21, 2013) (dismissing FLSA claim against individual restaurant owner where "Plaintiffs' allegations regarding [Defendant's] role as Plaintiffs' employer are too vague and unsupported to establish individual employer liability; the charges presented are a mere recitation of the statutory language.").

Indeed, whereas the Eleventh Circuit "has routinely interpreted" the FLSA's definition of "employer" to "mean that an employer must be involved in the day-to-day operations of the business, ***particularly with respect to the setting of wages in order to be an employer under the Act***," Plaintiffs' Amended Complaint is devoid of any allegations that Mr. Sitaras had any say in setting any of their wages. *Smith v. Therapies 4 Kids, Inc.*, No. 20-61270-Civ, 2021 WL 4990610, at *6 (S.D. Fla. Aug. 23, 2021) (emphasis added). And even if Mr. Sitaras – again, "upon [Plaintiffs'] information and belief" – was allegedly "responsible for paying Plaintiffs' wages," this too, without more, is insufficient to show that he was Plaintiffs' employer as the FLSA demands. Am. Compl. ¶ 10; *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1377 (S.D. Fla. 2016) ("The fact that LSA Management pays the Batmasians' employees is inadequate to plausibly allege that it is their employer. . . . Blake has not adequately alleged that he was 'employed' by LSA Management, Inc. for purposes of the FLSA. Accordingly, LSA Management, Inc. is dismissed.")

Thus, Plaintiffs' recitation of snippets from *Patel* and applying them to Mr. Sitaras, without any detail as to how he allegedly exercised day-to-day control of

3

Prime or supervised its Head Pharmacist in charge of dispensing prescriptions and two managers, is not enough to show he is Plaintiffs' "employer" under the FLSA. In the FLSA context, such "***conclusory allegations of employment are insufficient to withstand dismissal***." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 841 F. Supp. 2d 1274, 1279 (S.D. Fla. 2012), *aff'd,* 494 Fed. Appx. 940 (11th Cir. 2012) (emphasis added); *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.")

Accordingly, this Court has routinely dismissed complaints against corporate officers where the plaintiffs, like those here, fail to properly allege that such corporate officers had operational control over a business so as to render them "employers" under the FLSA. *See, e.g., Marino v. Spizzigo Enterprises, L.L.C.*, 20-24391-CIV, 2021 WL 8894429 (S.D. Fla. Feb. 3, 2021); *Camargo v. Swine Gables, LLC.*, 1:16-CV-23100-UU, 2016 WL 9526470 (S.D. Fla. Sept. 26, 2016); *Garcia v. Halpern LTO, LLC*, 14-60050-CIV-SCOLA, 2014 WL 12600055 (S.D. Fla. Apr. 7, 2014); *Bray v. Artizan Flatbread Co., LLC*, 14-CIV-80582, 2014 WL 5431272 (S.D. Fla. Oct. 27, 2014); *Davison*, 2013 WL 12131317; *Chavez*, , 2010 WL 11596739. The same result lies here, and this Court should dismiss the Amended Complaint with prejudice.

Moreover – and perhaps more importantly – Plaintiffs fail to meet the pleading requirements of a collective action under the FLSA. Whereas the Amended Complaint is brought by Plaintiffs "and other similarly situated individuals," Plaintiffs fail to allege *any* facts to maintain this as a collective action. "When plaintiffs bring an FLSA action for and on behalf of themselves and other similarly situated employees, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Bule v. Garda CL Se., Inc.*, 14-21898-CIV, 2014 WL 3501546, at *4 (S.D. Fla. July 14, 2014) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir.2008)). Thus, where a complaint "contains no description of the job duties of the alleged similarly situated employees and has no allegations concerning the pay provisions of those proposed employees," that action is subject to dismissal because it "contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated." *Id.*; *see also Weise v. Blue Line Law Firm PLLC*, 22-CV-81549-AMC, 2024 WL 363720, at *3 (S.D. Fla. Jan. 5, 2024), *report and recommendation adopted*, 22-81549-CIV, 2024 WL 361254 (S.D. Fla. Jan. 31, 2024) (dismissing collective action claims where plaintiff only alleged that "there are 'other similarly situated individuals' who were not paid the proper wages.").

Here, Plaintiffs fail to provide any allegations regarding similarly situated employees, let alone any details regarding such employees' "job duties [or] the pay

5

provisions of those proposed employees." *See Bule*, 2014 WL 3501546, at *4; *Weise*, 2024 WL 363720, at *3; *Benitez-Fajardo v. Seafood on the Table, Inc.*, 13-22237-CIV, 2013 WL 12124621, at *5 (S.D. Fla. Nov. 19, 2013) ("Thus, for the purposes of surviving a motion to dismiss, the Court finds that the Complaint does not sufficiently plead that there are other similarly situated employees.") Accordingly, in addition to their failure to properly allege Mr. Sitaras was their "employer," Plaintiffs' Amended Complaint, brought as a collective action, should be dismissed because it fails to allege any facts to entitle "other similarly situated individuals" to relief.

And lastly, "this Court has consistently held that in order to commence a FLSA collective action, each of the plaintiffs (named or opt-in) **must** file a written consent." *Matos v. Macmillan Oil Co. of Florida Inc.*, 13-23273-CIV, 2014 WL 12605572, at *2 (S.D. Fla. Apr. 22, 2014) (emphasis added); *see also*; *Garcia*, 2014 WL 12600055 at *3 ("Without a written consent, Garcia must proceed individually."); *Peralta v. Greco Intern. Corp.*, 11-22224-CIV, 2011 WL 5178274, at *3 (S.D. Fla. Oct. 31, 2011) (" Plaintiffs must either file their written consents or must proceed individually and not on behalf of others similarly situated.") Here, Plaintiffs have not filed written consent forms, so their Amended Complaint is improperly brought as a collective action.

II. <u>Memorandum of Law</u>

### A. Motion to Dismiss for Failure to State a Claim Standard.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiff must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017).

"On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Davila*, 326 F.3d at 1185 ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.") Therefore, "[a] mere 'formulaic recitation of elements of a cause of action,' as Plaintiffs have provided here, is insufficient to prevent dismissal." *Chavez*, 2010 WL 11596739, at *2 (quoting *Iqbal*, 556 U.S. at 667). In the FLSA context, "conclusory allegations of employment are insufficient to withstand dismissal." *Freeman*, 841 F. Supp. 2d at 1279.

### B. Plaintiffs' Complaint Should be Dismissed Because it Fails to Allege That Mr. Sitaras Was Plaintiffs' Employer

Plaintiffs fail to state a claim against Mr. Sitaras because the Amended Complaint contains only a mere recitation of the FLSA's statutory language and the

Eleventh Circuit's holding in *Patel* in an attempt to show he was their "employer" under the FLSA. Accordingly, the Court should dismiss the Amended Complaint.

"The Eleventh Circuit has unambiguously held that the FLSA does not apply to an individual in the absence of an employer-employee relationship." *Id*. at 1278 (citing *Villarreal v. Woodham*, 113 F.3d 202 (11th Cir. 1997). When asserting an FLSA claim against corporate officer, a complaint must allege "supporting facts describing the nature of [the officer's] position [and] the manner in which he exercised control of the day-to-day operations of the business." *Chavez*, 2010 WL 11596739, at *2.

Here, Plaintiffs' Amended Complaint provides a barebones recital of conclusory language regarding Mr. Sitaras' alleged operational control over Prime but fails to **show how** he did so and thus how he meets the FLSA's definition of an "employer" as required by *Patel* and its progeny. Indeed, the Plaintiffs are a "Head Pharmacist in charge of dispensing prescriptions" and "Licensed Pharmacy Technician[s] and managers," of Prime with whom Mr. Sitaras worked "hand-in-hand" (*i.e.*, together). Am. Compl., ¶¶ 11, 17-19. Plaintiffs curiously fail to provide Mr. Sitaras' job title and instead, upon their "information and belief" merely parrot the FLSA's statutory language and the Eleventh Circuit's holding in *Patel* and apply it to him to vaguely describe his alleged duties at Prime. *Id.*, ¶¶ 10-11. The Amended Complaint, if anything, suggests that **Plaintiffs** – one of which

8

**Levine Kellogg Lehman Schneider + Grossman LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

was admittedly "in charge" – had operational control of the business, and only speculates as to Mr. Sitaras' role with Prime. The allegations regarding Mr. Sitaras' employment of Plaintiffs, made only upon their "information and belief," are thus "legal conclusions masquerading as facts," and dismissal is warranted here. *Davila*, 326 F.3d at 1185.

In *Chavez*, the Court explained that to state a claim against a business' owner, a plaintiff must provide more than unsupported facts and legal conclusions regarding that individual's operational control of a business:

> Plaintiffs only allegations with respect to Maney are that he is "a corporate officer(s) or owner(s) or manager(s) of the Defendant Corporation who run the day to-day operations of the Corporate Defendant(s) for the relevant time period and was/were responsible for paying Plaintiffs' wages for the relevant time period." ***Plaintiffs Amended Complaint is completely devoid of any other allegations against Maney. Plaintiffs fail to allege any supporting facts describing the nature of Maney's position or the manner in which he exerted control over the day-to-day operations of American Coach Lines***. A mere "formulaic recitation of elements of a cause of action," as Plaintiffs have provided here, is insufficient to prevent dismissal.

*Id*. (quoting *Iqbal*, 556 U.S. at 667). Here, like in *Chavez*, Plaintiffs fail to provide sufficient supporting facts regarding the manner in which Mr. Sitaras exerted control over Prime or his position in the business. Plaintiffs' plain parroting of *Patel* and the FLSA's language regarding the meaning of an "employer" is not enough to survive a motion to dismiss.

Similarly, in *Camargo*, the plaintiff alleged that he worked for Swine Gables, LLC and 50 Eggs, Inc., and that "John Kunkel . . . [is the] corporate [officer] of Swine and 50 Eggs and exercised operational control over the activities of Swine and 50 Eggs." 2016 WL 9526470, at *1. The plaintiff further alleged that "John Kunkel had the authority to make employment-related decisions on behalf of the corporations, including the decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages." *Id*. at *2; *compare* Am. Compl., ¶ 11 ("Louis Sitaras was in charge of employment-related decisions as he decided schedules, hiring and firing of employees, [and] assignment of work duties[.]") The Court, citing *Alvarez Perez*, 515 F.3d 1150, found that Camargo's allegations were not enough: "Plaintiff's allegations are mere legal conclusions, and Plaintiff fails to state a plausible claim against Defendant, John Kunkel." 2016 WL 9526470, at *2*. Here, Plaintiffs' Amended Complaint tracks the barebones language found in *Camargo* regarding Mr. Sitaras' alleged control over Prime. Thus, just as the complaint in *Camargo* fell short of the FLSA's pleading standard, so too does Plaintiffs' Amended Complaint here.

And in *Marino v. Spizzigo Enterprises, L.L.C.*, plaintiff's complaint alleged that "Spizzigo Enterprises, L.L.C., L'angolo 107 Investments LLC, and Salvatore Domanti are each, individually, and together as group, a 'person' and 'employer'

within the meanings provided by [the FLSA.]" 2021 WL 8894429, at *3; *compare* Am. Compl., ¶ 14. The plaintiff also alleged that the aforementioned LLCs "are owned and/or controlled, directly or indirectly by Defendant Salvatore Domanti," and that she "worked as a wait-staff worker at all three restaurants operated by defendants" 2021 WL 8894429, at *5. The Court "[found] that the Complaint fails to allege sufficient facts regarding Domanti's operational control over the restaurants to plausibly allege that Domanti qualifies as Plaintiff's employer under the FLSA." 2021 WL 8894429, at *5. Thus, like the complaint in *Marino*, Plaintiffs' Amended Complaint here should be dismissed. *Id.*; s*ee also Garcia*, 2014 WL 12600055 ("Garcia alleges that Defendant . . . is 'involved in the day-to-day operation of HALPURN and was responsible for the supervision of the Plaintiff.' . . . These allegations are nothing but conclusory recitals of the elements and are therefore insufficient to survive a motion to dismiss.")

Accordingly, Plaintiffs' Amended Complaint, providing only conclusory recitals of Mr. Sitaras' operational control of Prime, falls short of stating an FLSA claim against him because Plaintiffs fail to show that he was their "employer." Thus, this Court should dismiss the Amended Complaint against Mr. Sitaras.

### C. Plaintiffs' Complaint Fails to Allege Sufficient Facts to Maintain a Collective Action.

In addition to their failure to sufficiently allege Mr. Sitaras was their "employer," Plaintiffs' Amended Complaint should also be dismissed because they

11

fail to allege any facts, let alone sufficient ones, to maintain this action as a collective action as they so attempt. The Court in *Bule* explained that where a plaintiff fails to allege facts to support a collective action, the complaint should be dismissed:

> When plaintiffs bring an FLSA action for and on behalf of themselves and other similarly situated employees, ***the complaint should indicate who those other employees are, and allege facts that would entitle them to relief. Here, however, Plaintiff's Complaint contains no description of the job duties of the alleged similarly situated employees and has no allegations concerning the pay provisions of those proposed employees. The Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated***. Accordingly, this Court finds that Plaintiff's collective action allegations should be dismissed.

2014 WL 3501546, at *4. Here, the only mention of similarly situated employees in Plaintiffs' Amended Complaint is in the case caption and each "Wherefore" clause. Without providing any allegations to show that any similarly situated employees are entitled to relief, Plaintiffs' Amended Complaint should be dismissed because a collective action is not plausible on its face.

Moreover, the Court in *Weise* found that conclusory allegations of similarly situated employees – more than Plaintiffs have provided here – are insufficient to withstand dismissal:

> Defendants say the Complaint fails to plausibly allege that there are other, similarly-situated employees. I agree. ***The sole allegations about similarly-situated employees are paragraphs 25 and 26, which state only legal conclusions and unsupported facts that are not entitled to the assumption of truth***. The Complaint here only says there are "other similarly situated individuals" who were not paid the proper wages. ***It does not say how many or how they are similarly situated***. And, it says

> it covers "every paralegal and any similarly situated individuals who worked for Defendant at any time during the past three (3) years." Again, it does not say how many, whether they worked remotely or in person, and what their duties were.

2024 WL 363720, at *3 (emphasis added). Thus, whereas Plaintiffs are required to allege more than "legal conclusions and unsupported facts" regarding similarly situated employees to maintain a collective action, they fail to bring ***any*** allegations regarding such employees here. Thus, Plaintiffs' Amended Complaint should be dismissed just like those in *Brule* and *Weise*.

And lastly, Plaintiffs cannot proceed with a collective action unless and until they file written consent forms. *See* 29 U.S.C. § 256; *Matos*, 2014 WL 12605572, at *2; *Garcia*, 2014 WL 12600055, at *3; *Peralta*, 2011 WL 5178274, at *3. By not doing so, Plaintiffs' Amended Complaint should be dismissed, or at the very least, Plaintiffs should be required to bring this action solely on an individual basis. *See Garcia*, 2014 WL 12600055, at *3

### III.  CONCLUSION

For all the reasons set forth above, Plaintiffs' claims against Mr. Sitaras must be dismissed with prejudice. Plaintiffs fail to sufficiently plead that Mr. Sitaras their "employer" so as to render him liable under the FLSA. They also fail to allege sufficient facts to maintain this as a collective action. Additionally, they cannot proceed with such action without first filing their written consent forms.

WHEREFORE, Defendant, Louis Sitaras requests that the Court enter an

Order dismissing Plaintiffs' Amended Complaint with prejudice and all further relief as is just and proper.

Dated: September 12, 2024        Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for Louis Sitaras*
Miami Tower
100 S.E. 2nd Street, 36th Floor
Miami, FL  33131
Telephone:  (305) 403-8788
Facsimile:  (305) 403-8789

/s/Peter J. Sitaras, Esq.
PETER J. SITARAS
Florida Bar No. 1039141
Primary: pjs@lklsg.com
Secondary: acd@lklsg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing document was served on September 12, 2024 via the Court's CM/ECF filing system to all recipients registered to receive notices of electronic filings generated by CM/ECF for this case.

By: */s/ Peter J. Sitaras, Esq.*
Peter Sitaras