UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80760-ROSENBERG

DAVID PHILLIPS; JOSEPH J. AZZATA; and
JOSEPH T. AZZATA, *and other similarly situated
individuals*

   Plaintiffs,

v.

LOUIS SITARAS; JLMS HOLDINGS, LLZ;
PRIME MEDICAL SUPPLIES, INC.; and
SALVATORE LANTIERI,

   Defendants.
_____/

**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

     This Cause is before the Court on Defendant Louis Sitaras's Motion for Judgment on the Pleadings [DE 66]. The Court has reviewed the Motion, Plaintiffs' Opposition to the Motion [DE 71], and Defendant's Reply [DE 75]. Defendant argues that he is entitled to judgment as a matter of law because Plaintiffs' lawsuit fails to state a claim upon which relief can be granted. DE 66, 2. In particular, Defendant notes that Plaintiffs' Second Amended Complaint ("SAC") [DE 43] alleges that they were "not paid for straight time" and seek "to recover for unpaid wages accumulated from the date of hire and/or from the date of the" complaint. DE 43 ¶¶ 23, 25, 27. Plaintiff Phillips alleges that he was paid $56.00 an hour and was not paid for 200 hours, Plaintiff Joseph J. Azata alleges that he was paid $39.66 an hour and was not paid for 988.57 hours, and Plaintiff Joseph T. Azatta he was paid $18.39 an hour and was not paid for 697.14 hours. *Id.* Thus, they seek $46,000.00, $39,298.96, and $12,820.11, respectively in unpaid wages. *Id.* at ¶¶ 24, 26, 28. They also seek liquidated damages equal to the amount in unpaid wages, as permitted by 29

U.S.C. § 216(b), plus interest. *See id.* In total, their "total damages," as calculated in the Amended Complaint, are for $94,800.00, $84,766.04, and $25,640.22, respectively. *Id.* Plaintiffs do not make a claim for overtime wages. Instead, they indicate that the wages sought are for "80 hours of work performed [during] [a] two-week payroll period," suggesting they worked a 40-hour work week. *Id.* at ¶¶ 23–28. In this regard, their claims allege that Defendants violated the minimum wage provisions of the FLSA and not the overtime provisions of the FLSA.

Confusingly and arguably, inconsistently, the SAC includes requests for "unpaid wages," *Id.* at ¶¶ 24, 26, 28, and yet, for each violation of the FLSA, "payment of unpaid *minimum* wages for every hour worked during the applicable pay periods," *id.* at ¶¶ 38, 48, 58, 68, 78, 88 (emphasis). The prayer for relief also separately asks for "actual damages in the amount shown to be due for unpaid wages with interest," "an equal amount in double damages/liquidated damages," and "reasonable attorneys' fees and costs of suit." *Id.* 19–20. At bottom, it is unclear whether Plaintiffs are seeking either "minimum wage" or "unpaid wages."

The difficulty with these two different requests lies in their purported inconsistency with each other. Given that Plaintiffs allege a violation under the FLSA, they would only be able to obtain the minimum wage for each hour worked. 29 U.S.C. § 216(b) (stating that an employer in violation of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages"). By seeking their full hourly wages, which are all above the minimum wage required by the FLSA, Plaintiffs seek a remedy that could only be awarded through an alternative cause of action. That may explain why Defendant's Motion likens Plaintiffs' request to cases where the plaintiff was "attempting improperly to use the FLSA to pursue a breach of contract claim against the defendants." *Momin v. Quantierra Advisors LLC*, No. 21-CV-612, 2022 WL 2002282, *3 (S.D.N.Y. June 3, 2022); DE 66, 9. There is no such contract claim alleged here.

Plaintiffs' opposition to the Motion does not clarify this inconsistency. They merely argue that the only requirements of an FLSA claim are that they were "1) employed by Defendant during the applicable period; 2) engaged in commerce or in the production of goods for commerce; and 3) [were] not paid the required minimum wage by Defendant." DE 71, 4–5. And, since they were allegedly not paid during the relevant time period, they were not paid the required minimum wage. *Id.* 5–6. This does not address Defendant's argument that their claim is a breach of contract suit masquerading as an FLSA suit. Thus, the Court is in need of additional briefing to further understand Plaintiffs' response in opposition to Defendant's Motion.

To that end, it is **ORDERED** that, Plaintiffs must file a supplemental brief explaining specifically what damages they seek in their SAC and, if Plaintiffs are suing for damages greater than minimum wages, liquidated damages, and reasonable attorneys' fees and costs as permitted under the FLSA, they must explain what legal authority they rely upon for such damages under the FLSA. Plaintiffs must submit a brief not to exceed five pages **by no later than Monday, June 9, 2025, at 12 p.m.** Defendant must respond to Plaintiffs' brief that shall not exceed five pages, **by no later than Tuesday, June 10, 2025, at 12 p.m.** The parties should be prepared to discuss their responses to this Order and Defendant's Motion for Judgment on the Pleadings at the June 11, 2025, Status Conference.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of June, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE