UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80760-ROSENBERG

DAVID PHILLIPS; JOSEPH J. AZZATA; and
JOSEPH T. AZZATA, *and other similarly situated
individuals*

    Plaintiffs,

v.

LOUIS SITARAS; JLMS HOLDINGS, LLZ;
PRIME MEDICAL SUPPLIES, INC.; and
SALVATORE LANTIERI,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION *IN LIMINE***

This Cause is before the Court on Plaintiffs David Phillips's, Joseph J. Azzata's, and Joseph T. Azzata's Motion for Summary Judgment (the "Motion") [DE 67]. Defendant Louis Sitaras Opposed [DE 77] Plaintiffs' Motion. Also before the Court is Defendant's Motion *in Limine* [DE 82] which Plaintiff Opposed [DE 83]. The Court has reviewed the motions, the oppositions, the replies, and the record.

Although the Court recently granted Plaintiffs leave to amend their complaint and allowed Defendant Sitaras to seek limited discovery, DE 88, the motions before the Court are still ripe for review. This is true for two reasons. First, Plaintiffs' leave to amend is limited to allowing Plaintiff to make amendments consistent with their representations to the Court at a status conference. Thus, Plaintiffs' amendments will merely align their factual allegations with the relief that they seek under the FLSA. In other words, the Plaintiff will not make any new allegations. Second, the Court's permission for Defendant to take additional discovery was limited to interrogatories

and requests for admission related to what wages Plaintiffs were paid during certain tax years—that evidence is not relevant to the issues raised in Plaintiffs' Motion for Summary Judgment and Defendant's Motion *in Limine*. For these reasons, the Court concludes that the pending motions will not be affected by the forthcoming amended complaint and therefore remain ripe for review. Accordingly, and for the following reasons, Plaintiffs' Motion for Summary Judgment is **DENIED** and Defendant's Motion *in Limine* is **DENIED**.

1.     **Plaintiffs' Motion for Summary Judgment.**

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if the record evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*, 869 F.3d 1204, 1220 (11th Cir. 2017) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A fact is material "only if it has the potential to affect the outcome of the case" and a dispute is genuine "only if a reasonable jury could return a verdict for the non-moving party." *Victor Elias Photography, LLC v. Ice Portal, Inc.*, 43 F.4th 1313, 1319 (11th Cir. 2022).

A court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Furcon v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). Thus, a district court "may not weigh conflicting evidence or make credibility determinations" when reviewing a motion for summary judgment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *FindWhat Investor Grp.*, 658 F.3d at 1307). Where the non-moving party presents facts that contradict the facts set forth by the moving party and the facts in dispute are material, the motion must be denied. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Plaintiffs claim that Defendants failed to pay them wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). DE 43 ¶¶ 1, 24, 26, 28. Plaintiff Phillips worked

as the Head Pharmacist from 2020 to 2024, *id.* at ¶¶ 17, 23, and Plaintiffs Joseph J. Azzata and Joseph T. Azzata worked as Licensed Pharmacy Technicians between 2017 and 2024, *id.* at ¶¶ 18, 25, 27.  Plaintiffs each allege that Defendants did not pay them wages for various pay periods between July 2023 and January 2024. *Id.* at ¶¶ 23–28.

To state a claim under the FLSA minimum wage provision, Plaintiffs must, among other requirements, demonstrate that Defendant is a qualified employer who violated the statute's minimum wage. 29 U.S.C. § 216.  An employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  The Eleventh Circuit imposes an economic reality test to evaluate whether someone is an employer under the FLSA. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).  The inquiry asks, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*; *Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304, 1315 (S.D. Fla. 2011) ("No single factor is dispositive. Instead, the economic reality test encompasses the totality of the circumstances, no one of which is exclusive.") (citation modified). The appropriate analysis is focused on the extent to which the purported employer actually exercised control in these areas of operations, not whether he could have done so had he chosen to.  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008).

Plaintiffs move for summary judgment on this requirement of their FLSA claim. DE 67, 4–6.  That is, they ask the Court to hold that Defendant Sitaras is a qualified employer under the FLSA as a matter of law because there is no genuine dispute as to that fact. *Id.*  In support of their argument Plaintiffs largely cite to their own deposition testimony to indicate that Defendant

exercised sufficient control over day-to-day operations. Defendant opposes stating that there is a genuine dispute as to a material fact and that Plaintiffs have not supported their Motion with sufficient evidence to be granted summary judgment.

As for the first prong, Plaintiffs state that Defendant had the power to hire and fire employees. Plaintiffs acknowledge that, as manager and lead pharmacy technician, Plaintiff Joseph J. Azzata would "occasionally take interviews of potential candidates for openings." DE 67, 5. But Plaintiff Joseph J. Azzata testified that he would only relay the information for Defendant to make the final approval. *Id.* He further testified that Defendant unilaterally hired employees, including his relatives. *Id.* These facts, according to Plaintiffs, are sufficient to establish the first factor of the economic reality test. However, Defendant counters, with his own testimony, that Plaintiff Joseph J. Azzata was "responsible for deciding the pay rates . . . and for hiring vendors and suppliers." DE 76, 5. With these statements, Defendant argues that Plaintiff Joseph J. Azzata was himself exercising control over the workplace under the first prong. *Id.* To that end, given the allegations are based on the parties' own testimony, and viewing them in the light most favorable to Defendant, the Court finds that a reasonable jury could find in Defendant's favor. Thus, there is a genuine dispute as to this factor which is material.

Although they did not make arguments relevant to the fourth prong of the economic reality test, Plaintiffs argue that Defendant exercised control over their schedules and conditions of employment as well as their rate and method of payment. Plaintiffs cite to Defendant's letter to Plaintiff Phillips as evidence that Defendant modified his schedule to work fewer than 40 hours a week and for a lower pay rate. DE 67, 5; DE 67-3. They argue that the letter is demonstrates Defendant's ability to negotiate and control their rate of pay. DE 67, 5. Plaintiffs further argue that Defendant had to sign off on pay rates for new employees and was the only person with access

to the business's bank accounts. DE 67, 5.  Although Defendant does not offer evidence to contradict that he controlled Plaintiffs' rate and method of pay, he argues that he did not have control over Plaintiffs' employment conditions or schedule. DE 76, 3–5.  Instead, Defendant argues that Plaintiffs Phillips and Joseph J. Azzata would set the operating hours of the business. DE 77-1, 84:2–15.  Plaintiff Phillips testified himself that he was in charge of the day-to-day operations of the pharmacy, the pharmacy could not operate without him, and that he was not supervised when he reviewed prescription orders, entered the orders, generated prescription labels, or packaged prescriptions. DE 67-6, 57:5–13, 62:8–10, 72:1–73:2.  The combination of these facts, when viewed in the light most favorable to Defendant, sufficiently create a genuine dispute as to a material fact because a reasonable jury could find in favor of Defendant.

      Moreover, when all four factors are taken together, a reasonable jury could find that, based on the totality of the circumstances, Defendant is not an employer under the FLSA.  Much of the evidence presented in support of the motion was based on Plaintiffs' own testimony which Defendant opposed with testimony of his own.  The Court cannot make credibility determinations at this stage and must view all facts in favor of Defendant as the nonmoving party.  To that end, the Court finds that a reasonable jury could find in Defendant's favor; therefore, Plaintiffs are not entitled to judgment as a matter of law.  Accordingly, Plaintiffs' Motion is **DENIED**.

**2.     Defendant's Motion *in Limine*.**

Defendant filed his motion *in limine* on May 21, 2025.  However, pursuant to the Court's Scheduling Order, the deadline to file "[a]ll Pretrial Motions, including summary judgment motions, Daubert motions, and motions *in limine*" was April 14, 2025. DE 29, 4.  Thus, the motion is **DENIED** as untimely.  However, Defendant may raise his objections as to the evidence as they arise at trial.

***

Based on the foregoing, it is **ORDERED AND ADJUDGED** that, Plaintiffs' Motion for Summary Judgment [DE 67] is **DENIED** and that Defendant's Motion *in Limine* [DE 82] is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of June, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE