UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80760-ROSENBERG

DAVID PHILLIPS; JOSEPH J. AZZATA; and
JOSEPH T. AZZATA, *and other similarly situated
individuals*

   Plaintiffs,

v.

LOUIS SITARAS; JLMS HOLDINGS, LLZ;
PRIME MEDICAL SUPPLIES, INC.; and
SALVATORE LANTIERI,

   Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

This Cause is before the Court on Defendant Louis Sitaras's Motion for a More Definite Statement [DE 92]. The Court has reviewed the Motion, Plaintiffs' Opposition, Defendant's Reply [DE 93], and the record. For the following reasons, the Motion is **DENIED**.

This is a claim for unpaid minimum wages under the Fair Labor Standards Act. On June 11, 2025, after a status conference with the parties, the Court granted Plaintiffs leave to file an amended complaint. DE 88. Thereafter, Plaintiffs filed their Third Amended Complaint (the "TAC") on June 16, 2025. DE 91. In response, Defendant filed the instant Motion. DE 92.

Defendant argues that Plaintiffs' TAC "creates inconsistent factual allegations rendering it so vague and ambiguous." *Id.* at 2. Specifically, Defendant takes issue with paragraphs 6 and 9 of Plaintiffs' TAC. *Id.* Those allegations state:

> 6. Defendant, Louis Sitaras, is the owner of Prime Medical Supplies, Inc. and a resident of Palm Beach County, Florida

*\*\*\**

>9. Upon information and belief, JLMS Holdings, LLC and Salvatore Lantieri are possible successors in interest of Prime Medical Supplies, Inc. and Louis Sitaras through a stock purchase agreement. Plaintiffs are unaware whether this agreement was executed, but understand that Sitaras was the owner and president of Prime Medical Supplies, Inc. prior to this stock purchase agreement.

DE 91 ¶¶ 6, 9.  Defendant argues that these statements are inconsistent in that they suggest that Sitaras "is" the owner of Prime Medical Supplies, Inc. or "was" the owner. DE 92, 2.  Furthermore, Defendant states that the allegations equivocate over whether JLMS and Latntieri are successors in interest to Sitaras. *Id.*  Thus, Defendant argues that the "internal inconsistencies" render the TAC so vague and ambiguous that he cannot "offer a simple denial, in good faith" to those allegations and that a more definite statement is required. *Id.* at 3.

Plaintiff responds that the allegations are not inconsistent and do not render the TAC vague. DE 93, 3. Instead, Plaintiff argues that the allegations simply state (1) Defendant Sitaras is the owner of Prime Medical Supplies Inc., (2) JLMS and Lantieri are possible successors in interest, and (3) Plaintiffs are unaware whether the agreement was executed. *Id.*  They argue that the TAC adequately apprises Defendant Sitaras of the allegations made in relation to their FLSA claims. *Id.* at 3–4.  The Court agrees.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored in view of the liberal pleading and discovery requirements set forth in the Federal Rules. *Hydroman, Inc. v. Florida Garden Supplies, Inc.*, No. 23-CV-24761, 2024 WL 3650447, \*2 (S.D. Fla. May 17,

2024). That is because the "purpose of the pleading standards . . . is to strike at unintelligibility rather than want of detail." *ICON Health & Fitness, Inc. v. IFITNESS, Inc.*, No. 12-CV-20125, 2012 WL 1120925, *6 (S.D. Fla. Apr. 3, 2012). Accordingly, allegations that are "unclear due to lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Id.* And a 12(e) motion "will only be granted if the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Hydroman*, 2024 WL 3650447, at *2 (citation modified).

Under this standard, if the TAC was so vague or ambiguous that it required a more definite statement, Defendant would not have been able to file an answer related to those allegations. *See Peacock v. Hudson Crop Ins. Servs., Inc.*, No. 21-CV-01209, 2023 WL 11762868, *1 (N.D. Fla. Oct. 23, 2023) (denying 12(e) motion where the defendant was able to answer similar allegations in the second amended complaint). But that is what Defendant has done here. More specifically, the allegation in paragraph 6 is identical to the allegation in Plaintiffs' Second Amended Complaint. *See* DE 43 ¶ 6; DE 91 ¶ 6. Yet, in his answer to the Second Amended Complaint, Defendant "[d]enied that [he] is the owner of Prime Medical Supplies, LLC ("Prime")" and "[a]dmitted that [he] is a resident of Palm Beach County, Florida." DE 44 ¶ 6. Additionally, although not precisely the same as the TAC, paragraph 9 of Plaintiffs' Second Amended Complaint states: "Upon information and belief JLMS Holdings, LLC and Salvatore Lantieri are successors in interest of Prime Medical Supplies, Inc. and Louis Sitaras through a stock purchase that occurred on or about October 11, 2023." DE 43 ¶ 9. Defendant admitted that allegation in his answer. DE 44 ¶ 9. In other words, Defendant was able to file an answer to the identical or substantially similar allegations in the past. This means that these allegations cannot be so vague and ambiguous to answer now, nor can they prejudice Defendant in his response.

Moreover, Plaintiff is correct that the statements provide Defendant with sufficient information to apprise Defendant of the FLSA claim. Still, Defendant maintains that a more definite statement is required to describe each defendant's potential liability. DE 94, 2. However, the "[a]dditional detail that Defendant[] [is] seeking . . . can be (and, by this point, presumably [has] been) obtained during discovery." *Peacock*, 2023 WL 11762868, at *2. And, even if the information has not already been obtained in discovery, Defendant himself would have specific knowledge as to whether he executed a stock purchase agreement or was the owner of Prime Medical Supplies, Inc. at the time. Thus, the purported ambiguity cannot actually prejudice Defendant when he himself has the answers.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that, Defendant's Motion a More Definite Statement [DE 92] is **DENIED**. Defendant shall file a response or answer to the TAC by no later than July 9, 2025.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of July, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE